UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Harold Hamilton Sr., <br><br>            Plaintiff, <br><br><br><br> -v.- <br><br> AMCOL Systems, Inc., <br><br> Equifax Information Services, LLC., <br><br> Trans Union, LLC., <br><br> Experian Information Solutions, Inc., <br><br>            Defendant(s). | Civil Action No:4:19-cv-327 <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Harold Hamilton Sr., (hereinafter, "Plaintiff" or "Hamilton."), brings this Complaint by and through his attorney, Shawn Jaffer Law Firm PLLC, against Defendant AMCOL Systems, Inc. ("AMCOL"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Trans Union, LLC., ("Trans Union"), and Defendant Equifax Information Services, LLC ("Equifax"), *to wit*, for violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA") and of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") against AMCOL.

## <u>JURISDICTION AND VENUE</u>

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business

here.

3.      Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4.      Plaintiff brings this action for damages arising from the Defendant AMCOL's violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA").

## **PARTIES**

5.      Plaintiff is a resident of the State of Texas, residing at 3301 NorthStar Rd Apt 627 Richardson TX 75082.

6.      At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7.      Defendant Trans Union Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Texas, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 211 East 7th Street, Ste 620, Austin, TX, 78701.

8.      At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9.      At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

10.     Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to

do business in the State of Texas, and may be served with process upon Corporation Service Company its registered agent for service of process at 211 East 7th Street, Ste 620, Austin, TX, 78701.

11.     At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C.§ 1681(d) to third parties.

12.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

13.     Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Texas, and may be served with process upon CT Corporation System, its registered agent for service of process at 1999 Bryan Street, Ste 900, Dallas, TX, 75201.

14.     At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C.§ 1681(d) to third parties.

15.     At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16.     Defendant AMCOL is a company organized under the laws of the State of South Carolina and maintains a registered agent in Austin, Texas.

17.     Defendant AMCOL is a debt collector meaning a person who directly or

indirectly engages in debt collection.

18.     Defendant AMCOL regularly collects debts from consumers in the State of Texas.

19.     Defendant AMCOL engaged in "debt collection" meaning taking an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due to a creditor.

## **FACTUAL ALLEGATIONS**

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Equifax Dispute and Violation

21.     On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to the adverse collection account from Defendant AMCOL.

22.     The inaccurate information furnished by Defendant AMCOL and published by Defendant Equifax is inaccurate since the Plaintiff account should never have been a collection account since the account did not belong to Plaintiff.

23.     Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

24.     Plaintiff disputed the accuracy of the information Equifax was reporting, on or around November 9, 2018.

25.     It is believed and therefore averred that Defendant Equifax notified Defendant AMCOL of Plaintiff's dispute.

26.     Upon receipt of the dispute of the account from the Plaintiff by Equifax, AMCOL failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including a balance owed.

27.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

28.     Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

29.     Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

30.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Trans Union Dispute and Violation</u>

31.     On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to the adverse collection account from Defendant AMCOL.

32.     The inaccurate information furnished by Defendant AMCOL and published by Defendant Trans Union is inaccurate since the Plaintiff account should never have been a collection account since the account did not belong to him.

33.     Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

34.     Plaintiff disputed the accuracy of the information Trans Union was reporting, on or around November 9, 2018.

35.     It is believed and therefore averred that Defendant Trans Union notified Defendant AMCOL of Plaintiff's dispute.

36.     Upon receipt of the dispute of the account from the Plaintiff by Trans Union, AMCOL failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including a balance owed.

37.     Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

38.     Notwithstanding Plaintiff's efforts, Defendant Trans Union sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

39.     As of the date of the filing of the filing of this Complaint, Defendant AMCOL

continues to furnish credit data which is inaccurate and materially misleading, and Defendant Trans Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

40.     Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

41.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Experian Dispute and Violation</u>

42.     On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports the Plaintiff that included inaccurate information relating to the adverse collection account from Defendant AMCOL.

43.     The inaccurate information furnished by Defendant AMCOL, and published by Defendant Trans Union is inaccurate since the Plaintiff account should never have been a collection account since this account did not belong to him.

44.     Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

45.     Plaintiff disputed the accuracy of the information Experian was reporting, on or around November 9, 2018.

46.     It is believed and therefore averred that Defendant Experian notified Defendant AMCOL of Plaintiff's dispute.

47.     Upon receipt of the dispute of the account from the Plaintiff by Experian, AMCOL

failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including a balance owed.

48.    Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Experian did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

49.    Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

50.    As of the date of the filing of the filing of this Complaint, Defendant AMCOL continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

51.    Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

52.    As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Trans Union)

53.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length

herein.

54.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

55.     Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

56.     Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)     The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h)          The failure to take adequate steps to verify information Trans Union had

reason to believe was inaccurate before including it in the credit report of the consumer.

57.     As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

58.     The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

59.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

60.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

61.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

62.     Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

63.     Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

64.     As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

65.     The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

66.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

67.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

68.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

69.     Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

70.     Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit

information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

71.   As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

72.   The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

73.   The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs

pursuant to 15 U.S.C. § 1681(n).

## **FOURTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Equifax)**

74.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

75.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

76.     Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

77.     Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)      The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)      The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e)      The continual placement of inaccurate information into the credit report of the

Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h)      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

78.     As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

79.     The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

80.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

81.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

82.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681

*et seq.*,

83.     Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

84.     Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason

to believe was inaccurate before including it in the credit report of the consumer.

85.     As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

86.     The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

87.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

88.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

89.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

90.     Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed

information in the credit file of the Plaintiff.

91.     Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a)   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b)   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c)   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)   The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

92.     As a result of the conduct, action and inaction of Experian, the Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

93.     The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

94.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant AMCOL)

95.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

96.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

97.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

98.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

99.     The results of the investigation must be reported to the agency and, if the

investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

100.     The Defendant AMCOL violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

101.     Specifically, the Defendant AMCOL continued to report this account with a balance on the Plaintiff's credit report after being notified of his dispute that this collections account was not valid and did not belong to him.

102.     As a result of the conduct, action and inaction of the Defendant AMCOL, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

103. The conduct, action and inaction of Defendant AMCOL was willful, rendering Defendant AMCOL liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

104. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant AMCOL in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant AMCOL for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **EIGHTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Defendant AMCOL)**

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

106. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

107. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

108. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

109. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

110. Defendant AMCOL is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

111. After receiving the Dispute Notice from Trans Union, Experian and Equifax, Defendant AMCOL negligently failed to conduct its reinvestigation in good faith and continued to report the false collection account.

112. A reasonable investigation would require a furnisher such as Defendant AMCOL to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

113. The conduct, action and inaction of Defendant AMCOL was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

114. As a result of the conduct, action and inaction of the Defendant AMCOL, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

115. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant AMCOL in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Harold Hamilton Sr., an individual, demands judgment in his favor against Defendant AMCOL, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### NINTH CAUSE OF ACTION
### (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c, §1692e, & §1692f *et seq.*)

116.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

117.     Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

118.     Section §1692c(b) prohibits communication with third parties.

119.     Section §1692e provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

(a) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C. §1692e;

    (a)    The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

    (b)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10).

120.    Section §1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

121.    Defendant violated 15 U.S.C. §1692e, e(2), e(10), and §1692f when Defendant attempted to collect the Alleged Debt when it knew or should have known that it did not belong to the Plaintiff.

122.    For these reasons, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

123.    Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)    For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)    For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)    For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)     For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)     For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

g)     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated:  May 3, 2019                                   Respectfully Submitted,

                                                      **Shawn Jaffer Law Firm PLLC**

                                                      <u>*/s/ Shawn Jaffer*</u>
                                                      Shawn Jaffer
                                                      TX Bar No. 24107817
                                                      9300 John Hickman Pkwy, Suite 1204
                                                      Frisco, TX 75035
                                                      Tel:  214-210-9910
                                                      Fax:  214-594-6100
                                                      E-mail: shawn@jafflaw.com
                                                      ***Attorney for Plaintiff***